# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| James B. Burgess, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No.: 9:16-cv-3037-PMD-BM |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the Court on Plaintiff James Burgess' objections to United States Magistrate Judge Bristow Marchant's report and recommendation ("R & R") (ECF Nos. 20 & 16). The Magistrate Judge recommends that the Commissioner's decision be affirmed. For the reasons stated herein, the Court overrules Burgess' objections and adopts the R & R.

## PROCEDURAL HISTORY

The Magistrate Judge issued his R & R on November 6, 2017. After an extension of time, Burgess filed his objections to the R & R on December 4, and the Commissioner replied on December 18. Accordingly, this matter is now ripe for review.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to this Court. The R & R has no presumptive weight, and the responsibility for making a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties may make written objections to the Magistrate Judge's recommendations and proposed findings within fourteen days after being served with a copy of the R & R. 28 U.S.C. § 636(b)(1). This Court must conduct a de novo review of any portion of the R & R to which a specific objection is made, and the Court may

accept, reject, or modify the Magistrate Judge's findings and recommendations in whole or in part. *Id.* Additionally, the Court may recommit the matter to the Magistrate Judge with instructions. *Id.* A party's failure to object is taken as the party's agreement with the Magistrate Judge's conclusions. *See Thomas v. Arn*, 474 U.S. 140, 151–52 (1985). Absent a timely, specific objection—or as to those portions of the R & R to which no specific objection is made—this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

## **DISCUSSION**

Burgess raises three objections to the R & R. First, he argues that the administrative law judge ("ALJ") failed to fully develop the record by refusing to obtain an IQ test or a psychological consultative evaluation. Second, he contends that the Magistrate Judge erred by accepting the ALJ's rejection of Burgess' treating physician's opinions. Finally, Burgess objects to the Magistrate Judge's findings as to the residual functional capacity the ALJ assigned him. The Court addresses each objection in turn.

Burgess first argues that the ALJ's failure to obtain an IQ test precluded him from making an argument that he met the elements of Listing 12.05C. He maintains that he would likely have satisfied those elements. In response, the Commissioner points out that this is the first time Burgess has raised the issue that Burgess meets the elements of Listing 12.05C and argues that the Court should not examine that issue de novo because Plaintiff waived it by not arguing it before the Magistrate Judge. Specifically, the Commissioner cites to *Samples v. Ballard*, 860 F.3d 266 (4th Cir. 2017), and contends that Burgess' listing argument is a new issue rather than a new argument. *Samples* applied the framework set out in *United States v. George*, which "envisions a

2

hierarchical scheme, wherein a *legal case* is divided into *issues*, and *issues* are further subdivided into arguments." 860 F.3d at 272. The distinction is significant because, as explained in *Samples*, the Court is not required to review a new issue that was not presented to the Magistrate Judge de novo, but it is required to conduct a de novo review of a new argument that was not presented to the Magistrate Judge. *Id.* at 273–74. Here, the Court agrees with the Commissioner's view of Burgess' objection.

In Burgess' initial brief before the Magistrate Judge, he argues that his request for an IQ test was relevant and that the ALJ should have granted that request because it would have resulted in a finding that he was disabled under the Medical-Vocational Guidelines.[1] As the Commissioner notes, that disability determination would arise at step five of the evaluation process, and incorporates several of the ALJ's other findings in order to conclude whether a plaintiff is disabled or not. In contrast, whether Burgess meets a listing would have been evaluated at step three of the process, rather than step five. In the event that Burgess met a listing, he would have been considered disabled without ever reaching step five. The Court concludes that Burgess' listing objection, presented for the first time to the Court, is not simply a new argument under the hierarchical issue that the ALJ failed to properly develop the record. Such an interpretation would permit an open-ended "failure to develop the record" objection to retroactively shoehorn a plaintiff's arguments relating to one sequential step into that plaintiff's arguments relating to an entirely different sequential step. As discussed above, had Burgess successfully argued that he met the elements of Listing 12.05C, he would never have reached step five of the evaluation process. The Court concludes that because plaintiff's listing objection pertains to an entirely separate step of the evaluation process, the listing objection is itself a new issue under *Samples*.

---

1. This argument assumes that the ALJ's determination that Burgess could perform light work was also incorrect and that Burgess was in fact limited to sedentary work.

Accordingly, the Court need not conduct a de novo review and instead reviews the R & R for clear error. Finding none, the Court overrules Plaintiff's first objection.

Second, the Court turns to Burgess' objection pertaining to the ALJ's treatment of his treating physician's opinions. Burgess was treated by Dr. Kelly, who opined at one time that Burgess could walk for 10-15 minutes, or about 5-6 blocks, without a cane. Dr. Kelly later opined that Burgess was limited to standing and walking less than two hours a day, and that all of Burgess' limitations were disabling. Burgess contends that the ALJ erred in giving greater weight to his orthopedic surgeon's opinion, Dr. O'Dell, than to Dr. Kelly's opinion. Dr. O'Dell opined that Burgess could return to sedentary, light duty work in December 2012. The Magistrate Judge notes that Dr. Kelly's opinion as to the degree of Burgess' limitation did not match the medical findings in the record or the nature of the conservative treatment administered. Burgess contends that the Magistrate Judge's determination based on the conservative nature of treatment was also error because "the characterization of treatment as conservative 'alone does not provide any insight into the severity of a given condition.'" *Wilson v. Colvin*, No. 8:15-cv-4185-MGL-JDA, 2016 WL 6471904, at *15 (D.S.C. Oct. 19, 2016) (quoting *Viverette v. Astrue*, No. 5:07-cv-395-FL, 2008 WL 5087419, at *2 (E.D.N.C. Nov. 24, 2008)). Here, however, the Magistrate Judge's conclusion is not solely based on the nature of the treatment but is also based on Dr. O'Dell's opinion. As a result, *Wilson* is inapposite. In that case, the plaintiff was treated conservatively, but was also taking a number of medications and those medications had to be changed a number of times because they were ineffective. *Id.* Additionally, there was no substantial contradictory evidence in *Wilson*. *Id.* That is not the case here, as Dr. O'Dell's opinions are consistent with the conservative nature of Burgess' treatment. Accordingly, the Court concludes that the ALJ's decision is supported by substantial evidence.

4

Finally, Burgess objects to the ALJ's conclusion that he could perform light work when the ALJ determined his residual functional capacity ("RFC"). Specifically, Burgess contends that he is not capable of "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday" as contemplated by the grids' description of light work. *See* 20 C.F.R. § 404.1567. However, the ALJ's RFC actually specifies that Burgess can only perform a limited range of light work because he can only stand or walk, off and on, for approximately 4 hours of an 8-hour workday. Where, as here, a claimant's capabilities fall between the ranges of work, the ALJ will consider the extent of the erosion of the occupational base and assess its significance. *See* SSR 83-12, 1983 WL 31253 (Jan. 1, 1983). Where the extent of that erosion is unclear, the adjudicator will need to consult with a vocational resource, such as a vocational expert, as the ALJ did here. *See id.* In spite of Burgess' limitations, the vocational expert still testified that there were several jobs existing in sufficient numbers in the national economy that he could perform given the limited range of light work the ALJ concluded he could perform. This is true whether he is capable of the full range of light work or the limited range of light work given to the vocational expert as a hypothetical. Accordingly, the Court concludes that the ALJ's decision with respect to Burgess' residual functional capacity is correct and therefore rejects Burgess' argument that the ALJ incorrectly assigned him a light work RFC.

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that Burgess' objections are **OVERRULED**, that the R & R is **ADOPTED**, and that the Commissioner's decision is **AFFIRMED**.

**AND IT IS SO ORDERED.**

                                                                    _____
                                                                    PATRICK MICHAEL DUFFY
                                                                    United States District Judge

**March 13, 2018**
**Charleston, South Carolina**